# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

BRUCE DION JOHNSON, )
                                 Plaintiff, )
vs. )    No. 1:06-cv-134-JDT-TAB
                                 )
SHERIFF MARTY TALBOT, et al., )
                                 Defendants. )

## Entry Concerning Selected Matters

**I.**

The plaintiff's motion to proceed *in forma pauperis* is **granted.** He shall have **thirty calendar (30) days** from the date of issuance of this Entry in which to pay the initial partial filing fee of **Six Dollars and Thirty Three Cents ($6.33).**

**II.**

The plaintiff shall have **through February 14, 2006,** in which to **supplement** his complaint. He shall do so by identifying any fact or circumstance from which he believes that it could be reasonably thought that the defendants or any of them were deliberately indifferent to plaintiff's need for constitutionally adequate medical care. For the plaintiff's guidance in doing so, he is informed that

> A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." The officials must

know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Id.* Additionally, a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Greeno v. Daley,* 414 F.3d 645, 653(7th Cir. 2005) (some quotations and internal citations omitted).

**IT IS SO ORDERED.**

_____
John Daniel Tinder, Judge
United States District Court

Date:  01/31/2006

Copies to:

Bruce Dion Johnson
DOC #7179
100 Court Park
Logansport, IN   46947

Richard Krall, Financial Deputy Clerk